Rogers et als. v. Crow et als.

CHARLES S. ROGERS, FRANCIS WEBSTER, AND RICHARD F. CONINGHAM, TRUSTEES OF ST. PAUL'S CHURCH, ST. LOUIS, Respondents, *v.* PHILIP CROW, WILLIAM BALLENTINE, AND EDWARD F. PITTMAN, TRUSTEES, &C., Appellants.

| | |
|---|---|
| 40 | 91 |
| 44a | 352 |
| 40 | 91 |
| 49a | 8+ |
| 40 | 91 |
| 123 | 419 |
| 40 | 91 |
| 68a | 611 |
| 40 | 91 |
| 72a | 319 |

*Fixtures—Vendor and Vendee—Lands and Land Titles.*—Lamps, chandeliers, candelabra, sconces, brackets, and the various contrivances for lighting houses by means of candles, oil or other fluids, or gas, are not fixtures, and do not form part of the freehold so as to pass by a sale of the realty. Where in the erection of a church a recess was left to receive an organ, which was required to complete the design and finish of the building, the organ being attached to the floor and intended to be permanent—*held,* that the organ was to be considered as affixed to the freehold, and passed, as between vendor and vendee, by a sale of the realty.

*Appeal from St. Louis Court of Common Pleas.*

*Cline & Jamison,* for appellants.

By the refusal of the 4th instruction the court held that gas fixtures could in no case become a part of and pass with the realty as between grantor and grantee, although they be connected with or appurtenant thereto—Cohen v. Kyler, 27 Mo. 122 ; Winslow et al. v. Merchants' Ins. Co., 4 Metc. (Mass.) 306 ; Farrar et al. v. Stackpole, 6 Greenl. 154 ; Voorhis v. Freeman, 2 Watts & S. 116 ; Brother v. Clawson, 2 Strobh. 478 ; Harlow v. Harlow, 15 Penn. 507 ; Buckley v. Buckley, 11 Barb. 43 ; Roberts v. Dauphin, 19 Pa. 71.

Stoves standing in their places are fixtures—Blether v. Towle, 40 Me. 310. A cistern standing on blocks in a cellar is a fixture—40 Me. 310 ; Tuttle v. Robinson, 33 N. H. 104.

*Sharp & Broadhead,* for respondents.

In the case of Burke v. Baxter, 3 Mo. 207, Judge Tompkins laid down the correct rule governing such cases.

See also case of Hunt v. Mullanphy, 1 Mo. 509. This was the case of a kettle and boiler put up in a tannery. The same rule is laid down.

The case of Cohen v. Kyler, 27 Mo. 122, does not overrule the principle laid down in these cases. The other cases from the Missouri Reports are cases where the question arose be-

tween landlord and tenant, and in such cases a different and more liberal rule prevails—Finney v. Watkins, 13 Mo. 291; 28 Mo. 70; Freeland v. Southworth, 24 Wend. 191.

Vanderpool v. Van Allen et al., 10 Barb. 157, was a case between mortgagor and mortgagee. The court said: "To make an article a fixture, it must not only be essential to the business of the erection, but it must be attached to it some way; at least it must be mechanically fitted, so as in ordinary understanding to make a part of the building itself."

Walker v. Sherman, 20 Wend. 636—"Nothing of a personal nature in itself will pass unless it be brought within the denomination of a fixture by being in some way permanently, or at least habitually, attached to the land, or some building upon it."

Articles movable in their nature, attached to the walls of a house by screws or nails, are not fixtures—Gibbons on Fixtures, 20 (11 Law Lib.); Farmers' Loan & Trust Co. v. Hendrickson, 25 Barb. 489, in which the doctrine is fully reviewed.

WAGNER, Judge, delivered the opinion of the court.

This was an action commenced in the St. Louis Court of Common Pleas by the respondents to recover the value of certain property which they alleged to be personal chattels belonging to them, and unlawfully possessed and detained by the appellants. From the record it appears that respondents were vestrymen and trustees for St. Paul's Parish, a Protestant Episcopal Church in the city of St. Louis, and that in their house of worship they placed an organ, gas fixtures, and other articles, for the convenient occupancy of the same. That being pecuniarily embarrassed they executed a deed of trust conveying the lot on which the house was built, together with all the buildings, erections and improvements, to secure the payment of their indebtedness. The notes which the deed of trust was taken to secure not being paid, the trustees in the deed sold the premises to satisfy the same,

and on the sale Derrick A. January became the purchaser of the property; January afterwards deeded and conveyed the property to appellants, who are now in possession thereof. On the trial, respondents dismissed their cause of complaint as to several of the articles enumerated in their petition, and the court found that others passed by the sale with the premises as part of the realty, but refused to declare that the gas fixtures and the organ were fixtures, and decided that they were personal property detachable from the real estate, and therefore did not pass with it.

The evidence shows that when the church was erected there was a niche or recess left in the walls over the vestibule, in the front end of the building, expressly for the reception of an organ; that the organ stands on a floor or platform built to receive it, and is fastened to this floor by nails driven through the outer case of the organ into the floor. In the rear of the organ the wall is in a rough unfinished state, and is pretty much without ceiling or finish. If the organ were removed, it would not only destroy the architectural design, finish and symmetry of the building, but would leave exposed to view the unfinished wall in the rear, and the open space above the organ which is now concealed by it. Skilful architects testified that they regarded the organ as a part of the church; the internal finish of the building, achitecturally considered, would not be complete without it.

If this contest had arisen between landlord and tenant, it would admit of little doubt; for as between landlord and tenant many things which pass under the general name of fixtures will for the encouragement of trade be permitted to be removed by the tenant during his term, which as between heir and executor, vendor and vendee, or mortgagor and mortgagee, would be considered as part and parcel of the realty, and would therefore belong to the heir, or vendee, or mortgagee.

As to the first point presented in the case, it has been uniformly held that lamps, chandeliers, candlesticks, candelabra, sconces, and the various contrivances for lighting houses

7—VOL. XL.

ST. LOUIS.

by means of candles, oil, or other fluids, are not fixtures, and form no part of the freehold.

In the case of Lawrence v. Kemp, 1 Duer, 363, the New York Superior Court decided that gas fixtures, when placed by a tenant in a shop or store, although fastened to the building, are not fixtures as between landlord and tenant.

In Wall v. Hinds, 4 Gray, 256, it was held that a lessee could take away gas pipes put by him into a house leased to him for a hotel, and passing from the cellar through the floors and partitions, and kept in place in the room by metal bands, though some of them passed through wooden ornaments of the ceiling, which were cut away for their removal.

In South Carolina a house and lot were sold under a foreclosure of mortgage, and a few days afterwards the sheriff, under execution against the mortgagor, removed and sold certain gas chandeliers and pendant hall gas burners, and the court decided unanimously that they were not fixtures which passed to the purchaser of the real estate by the conveyance of the land—Montague v. Dent, 10 Rich. 135.

The same question arose in Pennsylvania in the case of Vaughen v. Halderman, 9 Casey, 522, where property was sold by the sheriff in pursuance of an execution placed in his hands, and it was decided in the same way, the court holding that gas fixtures did not pass under the sale to the vendee as a part of the realty. In his opinion, Read, J., says: "The pipes connect with the street main, and are now carried up through the walls and ceilings of the house, with openings at the points where it is intended to attach fixtures for the purpose of lighting the rooms and entries. These are called gas fittings; whilst the chandeliers and other substitutes for the oil lamps and candles are called gas fixtures, and are screwed on to the pipes and cemented only to prevent the escape of gas; and may be removed at pleasure, without injury either to the fittings or to the freehold. There is therefore really nothing to distinguish this new apparatus from the old lamps, candlesticks and chandeliers, which have always been considered as personal property."

The next question, as to whether the organ is to be regarded as a fixture, is not entirely clear. Great diversity exists in the adjudications on this subject, and few decisions can be considered as absolute authorities in other instances, even of fixtures of a similar denomination. It will be found on an examination of the books, that considerations of custom, intention, ornament, convenience, and so forth, have all had influence in controlling the cases. Whilst it has been held that chattels should not be regarded as fixtures, unless they are so far incorporated with the structure of which they form a part that they cannot be severed from it without injuring the structure itself, as in Farrar v. Chauffetete, 5 Den. 527 ; yet the general course of decision is in favor of viewing everything as a fixture which has been attached to the realty, with a view to the purpose for which it is employed or held, however slight or temporary the connection between them— Walmsley v. Milne, 7 C. B. (N. S.) 115 ; Wilde v. Waters, 16 C. B. 637. In accordance with this rule, it has been held repeatedly that the machinery of a manufactory is to be regarded as a part of the realty, whether it is attached to the body of the building or merely connected with the other machinery by running bands or gearing which may be thrown off at pleasure and without injury to the freehold. In general, it may be said that as between vendor and vendee the purchaser is clearly entitled to everything that has been annexed to the freehold with a view of increasing its value or adapting it to the purposes for which it is used ; and within this principle it has been held that pipes and bath tubs of a dwelling, the counters of a store, the vats, stills and kettles of a brewery or distillery, are fixtures—Cohen v. Kyler, 27 Mo. 122 ; Tabor v. Robinson, 36 Barb. 485 ; Man v. Schwarzwalder, 4 E. D. Smith, 273 ; Bryan v. Lawrence, 5 Jones, 337.

Mr. Dane, in his Abridgment of American Law, remarks, "it is very difficult to extract from all the cases as to fixtures, in the books, any one principle upon which they have been decided ; though being fixed and fastened to the soil, house, or freehold, seems to have been the leading one in

some cases, though not the only one." And he further re-
marks, " not the mere fixing or fastening is alone to be
regarded, but the use, nature and intention"—3 Dane's
Abr. 156.

In Teaf v. Hewitt et al., 1 Ohio, S. T. 511, Ch. J. Bartley,
after a very able review of the authorities, reached the con-
clusion, that the united application of the following requi-
sites might be considered the safest criterion of a fixture:—
" 1. Actual annexation to the realty or something appurte-
nant thereto. 2. Application to the use and purpose of that
part of the realty with which it is connected. 3. The inten-
tion of the party making the annexation to make the article
a permanent accession to the freehold; this intention being
inferred from the nature of the article affixed, the relation
and situation of the party making the annexation, the struc-
ture and mode of annexation, and the purpose and use for
which the annexation has been made."

In the building of the church, a space or recess was pur-
posely left to be exclusively appropriated to the reception of
an organ; that part of the building was left incomplete, and
was never finished till the organ was put in position. This
was necessary to give that part of the house perfection,
symmetry, and make it conform to the intention and uses
had in view when it was erected. Architecturally it was in-
complete till the organ was fitted and fastened and the work-
men closed their labors hiding the unfinished walls in the
rear. The character or permanency of the annexation in
this particular case can have no controlling or preponder-
ating weight. Upon an examination of the design, use and
adaptability, the evidence of intention was manifest and un-
mistakable, and the purchaser had a right to be governed by
these considerations in regarding it as a fixture. In the ex-
ecution of the deed of trust the grantors made no reserva-
tion, and it must be presumed that they intended everything
should pass by their deed that was annexed to the realty and
stand pledged as a security for the debt. Under all the cir-
cumstances, we are of the opinion that the organ was a

fixture and formed parcel of the realty, and as such is right-fully the property of the grantees.

The judgment must be reversed and the cause remanded. The other judges concur.