GEORGE BALDWIN *et al.*, Plaintiff in Error, *v.* ELLIOTT T. MERRICK, Defendant in Error.

February 28, 1876.

A furnace not fastened down, but set upon a stand of brick-work, and which could be carried out without disturbing the ceiling, walls, or floor of the house, even though a fixture as between vendor and vendee, is not a fixture within the meaning of the mechanics' lien law.

ERROR to St. Louis Circuit Court.

*Affirmed.*

*Hills & McKeag*, for plaintiffs in error, cited : Pitman
*v.* Ross, 46 Mo. 337; Oster *v.* Rabeneau, 46 Mo. 595;
Cohen *v.* Kyler, 27 Mo. 122; Rogers *v.* Crow, 40 Mo. 91;
Bircher *v.* Parker, 43 Mo. 443; Blithe *v.* Fowle, 40 Me.
310; Main *v.* Schwarzwalden, 4 E. D. Smith (N. Y.);
Teaffe *v.* Hewitt, 1 Ohio, 511.

*George Denison*, for defendant in error, cited : Chitty on
Con. (11th Am. ed.) 499.

BAKEWELL, J., delivered the opinion of the court.

Plaintiff sues to recover for work and labor and materials
in putting a furnace into defendant's house; he also seeks
to enforce a mechanic's lien against the premises described
in the petition. The Circuit Court rendered a general
judgment against defendant, but refused to render a special
judgment against the property described. This is assigned
as error, and the case is brought here by plaintiff on writ of
error.

It was admitted that plaintiff is entitled to a lien if the
work and material were of that character for the doing and
furnishing of which a lien is given by the statute. The
language of the act is : " Every mechanic or other person
who shall do any work upon, or furnish any materials,
fixtures, engine, boiler, or machinery for, any building,
erection, or improvements upon land, or for repairing the
same," etc.

The evidence in the case was as follows :

George Baldwin testified that the furnace mentioned in
the account was placed in the cellar of defendant for the
purpose of consuming coal to heat the house, which is a
dwelling-house. It was builded in or upon a base of brick,
fire-clay, mortar, etc., all of which was let into the floor
several inches, which base had been previously built for the
former furnace, and this furnace was placed upon the old
foundation already there, and incased with bricks and mortar
built around it from the old foundation, sufficient to keep it
there securely. For the purpose of placing it there it was

necessary to put it in three sections, and cement each section with fire-clay. As it was put on, the furnace weighed about 1,500 pounds ; the pipes, except short connection and one short pipe in the cellar, were all old pipe, and used with the old furnace, and not furnished by plaintiff, and extended from the furnace to all the rooms in the house, through the walls, and were attached to registers which were nailed to the floor. It might be lifted up by men, if they had physical force sufficient, and, if taken away, would not be missed more than an ordinary stove.

Elliott T. Merrick swore that, when the house was built, it was built generally to be heated by a furnace, and one was put there, but was burned out, and Baldwin replaced it by the one in controversy, which witness had put there to remain until it would get burned out. The house might be made habitable by using grates or stoves.

This was all the evidence in the case.

It is authoritatively declared to be the settled policy in this State to secure mechanics and material men by giving them a lien on the property they have contributed to improve or create, and in interpreting the mechanics' lien law to avoid unfriendly strictness and mere technicality. *Putnam* v. *Ross*, 46 Mo. 338. Where the law gives a lien to mechanics, laborers, and material men, that lien must not be defeated for a mere technicality, but it is not the intention of the court, or the policy of the law, to extend the provisions of the law to cases not within its purview.

The simple question here is : Was the furnace in question a fixture within the meaning of the act?

There are two widely differing rules as to fixtures. A very lax one, as between lessor and lessee, making nothing a fixture not integral to a house, and a very strict one, as between vendor and vendee, making almost everything a fixture which is in any way made stationary about it.

Air-tight stoves standing where used for warming the house, portable cupboards, a wooden cistern on blocks in

the cellar, stoves, grates, kitchen ranges, and even hoop-poles, stuck in the ground during the previous season, but, at the time of the sale, taken down and stacked in heaps, have been held to be fixtures, as between vendor and ven-dee, and mortgagor and mortgagee. *Colegrave* v. *Dias Santos*, 2 B. & C. 76 ; *Bishop* v. *Bishop*, 1 Kern. (N. Y.) 123 ; 40 Me. 311. Yet no one would maintain that a stove man could have a lien for an ordinary air-tight stove.

In *Rogers* v. *Crow*, 40 Mo. 91, an organ was held to be a fixture, as between mortgagor and mortgagee, on the sale of a church ; but, in that case, the organ was attached to the floor, intended to be permanent, and was required to complete the design and finish the building, and was fixed in a recess expressly made to receive it when the church was built.

In *Main* v. *Schwartzwaelder*, 4 E. D. Smith (N. Y.), 273, a furnace was held to be a fixture ; but this was also a case of vendor and vendee, and the furnace was so placed that it could not be displaced without disturbing the brick-work of the adjoining wall, and endangering the ceiling.

The furnace in the case before us was not attached to the floor. It weighed 1,500 pounds, but was not fastened down, but merely incased with brick and mortar upon a platform of brick-work which was there before the furnace was put into the house, and had been used formerly as a stand for a similar heater. The pipes running through the house were no part of this furnace, and were in place before it came, and used for the old heater. Any power of sufficient strength could have lifted the furnace from the brick floor-ing on which it was placed, and carried it bodily out of the house without disturbing the walls, the ceiling, or the floor of the house itself. As between vendor and vendee, it would, perhaps, have been a fixture ; as between lessor and lessee, it would not. We do not think it was a fixture within the meaning of the law giving a lien to mechanics ; and we hardly think that any straightforward, intelligent

mechanic would have imagined, in placing it there, that he had a lien upon the building in which it was placed, and the lot on which that house was erected, for its payment.

The policy of the law is to secure the classes of persons named in the act, upon a substantial compliance with its provisions on their part, without unfriendly strictness in scrutinizing the enforcement of the remedy where it is clearly given. But it is not the policy of the law to extend the scope of the act so as to include classes of manufacturers and traders not entitled to its benefits, to give a lien to a stove dealer because a stove has been called a fixture for some purposes of the law, or to say that any shelving, fastened to the wall with nails, is a fixture because it has been sometimes said that anything affixed to the house, under certain circumstances, becomes so.

The judgment of the Circuit Court is affirmed. The other judges concur.