GEORGE H. DONNEWALD *et al.*, Appellants, v. THE TURNER REAL-ESTATE COMPANY *et al.*, Respondents.

St. Louis Court of Appeals, March 24, 1891.

1. **Landlord and Tenant:** FIXTURES : RIGHTS OF PURCHASER UNDER EXECUTION AGAINST THE TENANT. If a tenant leaves trade-fixtures upon the demised realty after the termination of his term and his abandonment of the premises, and the same are levied upon some time thereafter and sold under an execution against the tenant, the purchaser at such sale does not succeed to the rights, possessed by the tenant, of removing such trade-fixtures, but only obtains title if the property at all times retained its character as personalty.

2. ——— : ——— : ———. Whether, as between such purchaser and the landlord, such property continued to remain personalty, notwithstanding that it had been affixed to the realty, depends more particularly upon the character of the annexation and the uses and purposes of the property affixed. And *held* that the property affixed in this cause ( a boiler and engine ) became a part of the freehold, and did not pass by the sale under the execution.

*Appeal from the St. Louis City Circuit Court.*—HON. LEROY B. VALLIANT, Judge.

AFFIRMED.

*Christian & Wind*, for appellants.

( 1 ) The engine and boiler never became a part of the realty, but always remained personalty. *Rogers v. Crow*, 40 Mo. 91 ; *Collins v. Mott*, 45 Mo. 100 ; *Graves v. Pierce*, 53 Mo. 423 ; *Richardson v. Kock*, 81 Mo. 264 ; *Thomas v. Davis*, 76 Mo. 77 ; *Baldwin v. Merrick*, 1 Mo. App. 281 ; *Goodin v. Elleardsville*, 5 Mo. App. 289. ( 2 ) The right of removal was not lost. *Holmes v. Kemper*, 20 Johns. 29 ; *Lawrence v. Kemp*, 1 Duer, 363 ; *Saint v. Pilley*, L. R. 10 Ex. 137 ; Wood on Landlord & Ten., sec. 529, p. 1260, note 3.

*A. &. J. F. Lee*, for respondents.

BIGGS, J.—This is an action for the value of a boiler and engine, alleged to have been converted by the defendants. The property at the date of the alleged conversion was situate in the basement of a building belonging to the Turner Real-Estate Company. Prior to February 18, 1888, the premises were occupied by F. A. Durgin, who was engaged in the manufacture of silverware. During his occupancy, as a tenant of the Turner Real-Estate Company, he placed the engine and boiler in the basement of the building for the purpose of aiding him in his business as a manufacturer. The power furnished by the engine and boiler was utilized by bands connected with machinery in the upper stories. The engine rested on, and was fastened to, a stone planted in the ground, and the boiler was surrounded by brick masonry in the center of the basement. On the eighteenth day of February, 1888, Durgin abandoned the premises, and sold his business and property (except the engine and boiler) to his sister-in-law. Thereafter the latter became the defendant's tenant and continued the business as before, making use of the boiler and engine. On the fourteenth day of May, 1888, a constable, acting under an execution issued upon a judgment against Durgin before a justice of the peace, sold or attempted to sell the property in dispute. The plaintiffs purchased at that sale. The Turner Real-Estate Company forbade the removal of the property. The foregoing facts appeared by the plaintiffs' evidence.

At the close of the plaintiffs' case, they were compelled by the court to submit to a nonsuit. The case is here on appeal.

Whether the engine and boiler were chattels or fixtures, is the main question. If they were annexed to the freehold in such a way and under such circumstances as to make them a part of the realty, then the judgment

must be affirmed.   On the other hand, if the mode and manner of their annexation, when considered in connection with their use in the building, did not destroy their character as chattels, then they remained the property of Durgin, and were subject to levy and sale under the plaintiffs' execution.   If this latter view is to prevail, then the judgment must be reversed, unless the sale under the execution was void for want of a legal levy.   Therefore, if the plaintiffs' evidence showed that the property had been so attached to the realty as to become a part thereof, or if it appeared that the levy was insufficient and void, then the circuit court was justified in directing a nonsuit.

In the settlement of the issues in this controversy, we must not confound the rights of plaintiffs, who are only judgment creditors of Durgin, with those of Durgin himself, had he seen proper at the time he quit the possession to assert his right as a tenant to the engine and boiler.   The law, as to the right of the lessee at the end of term to remove trade-fixtures, has no application in this controversy.   To entitle plaintiffs to recover, it was incumbent upon them to show, that the property levied on had never lost its character as personalty.

What is, and what is not, a fixture, is one of the vexed questions of the law.   There is great confusion in the authorities on the subject.   This necessarily arises from the fact that no definition of a fixture, which is susceptible of general application, can be devised.   Each case must to a great extent be determined by its own peculiar facts and circumstances.

The supreme court of this state ( *Rogers v. Crow*, 40 Mo. 91 ) has adopted the following requisites as the safest test of a fixture :   *First.*   Actual annexation to the realty or something appurtenant thereto.   *Second.* Application to the use and purpose of that part of the realty with which it is connected.   *Third.*   The intention of the party making the annexation to make the article a permanent accession to the freehold ; this intention

being inferred from the nature of the article affixed, the relation and situation of the party making the annexation, the structure and mode of annexation, and the purpose and use for which the annexation was made.

In applying the foregoing tests to the present case, the intention of Durgin in placing the engine and boiler in the defendant's building could cut no figure. Such an inquiry would have been material, if Durgin had attempted to remove the property at the time he abandoned the lease. But not so at the suit of the plaintiffs, who are strangers to Durgin. As we have heretofore said, their title cannot be based on the right to levy on the boiler and engine as trade-fixtures belonging to Durgin, because the latter had, almost three months before, quit the possession and abandoned his lease. The right to levy upon and sell under execution a trade-fixture belonging to the tenant must be exercised during the term, or while the tenant remains in possession. *Minshall v. Lloyd*, 2 M. & W. 450; *Thropp's Appeals*, 70 Penn. St. 395 ; *Hill v. Sewald*, 53 Pa. St. 271. Hence, in determining the question at issue in this case, we must have reference more particularly to the character of the annexation, and the uses and purposes of the property annexed.

That the boiler and engine were actually annexed to the realty, cannot be disputed. This we understand to be conceded by the plaintiffs' counsel, but they insist that the judgment is wrong, because the evidence tended to show that the annexation was for a mere temporary purpose, and not for the permanent and substantial improvement of the building itself.

This is substantially the rule as declared by some of the text-writers (2 Wood, Landlord & Tenant, p. 1238), and it has, to a modified extent, been adopted by the supreme court of this state. *Thomas v. Davis*, 76 Mo. 72. In treating of the question it was said by

PARKER, C. J., in *Dispatch Line of Packets v. Mfg. Co.*, 12 N. H. 282: "Some of the excepted cases seem to have made the question depend upon the character of the fastening, whether slight or otherwise. But this is a criterion of questionable character, not sustained by the weight of decisions. More depends upon the nature of the article, and of its use as connected with the use of the freehold." This statement of the law was quoted and adopted by the supreme court in the case of *Thomas v. Davis, supra.*

It seems to us that the application of this principle in no way helps the plaintiffs' case, when the facts are considered. The evidence tended to prove that the building had been fitted up and was being used for the purpose of manufacturing silverware. The engine and boiler had been placed in the basement to furnish the power. To utilize this power it was necessary to connect the engine and boiler with other machinery in the upper stories of the building by shafts, belts or pulleys. To do this, holes were cut in the floors, to make it suitable and complete for the purposes for which it was used. Now, under such circumstances, it would seem unreasonable to hold that the engine and boiler had been placed in the building for a mere temporary purpose, or merely for *their* more complete use and enjoyment as *chattels*. If they were removed, to that extent the building would be dismantled, and such removal would make it absolutely necessary either to put others in their place, or remove the balance of the machinery and repair and fit the building for other purposes. We do not think that the cases relied on by the plaintiffs are opposed to this view.

In the case of *Thomas v. Davis, supra,* the boiler and engine were placed in a frame building and they furnished the power for running other machinery in the smelting of lead ore. It was held that, from the mode and manner of their annexation and the uses to which they were applied, the engine and boiler were a

part of the realty. There is no marked distinction between that case and this.

The case of *State ex rel. v. Marshall*, 4 Mo. App. 29, was quite similar in its facts to the present case. In the opinion of the court the evidence was so strong in favor of the idea, that the engine and boiler were fixtures or a part of the realty, that other tests were not invoked. The evidence in that case was, however, stronger than in this. The machinist and engineer, who put up the machinery and boilers, testified that to ake the boilers away would wreck the whole place and make it valueless for the purposes intended.

In the case of *Richardson v. Koch*, 81 Mo. 264, the contest was between two creditors of a tenant as to the ownership of an engine and boiler, placed by the tenant on the leased premises. The question at issue was whether the engine and boiler were fixtures or chattels. The court held that they were chattels, for the reason that the tenant and the landlord had expressly stipulated that they should be treated as personalty.

The case of *Baldwin v. Merrick*, 1 Mo. App. 281, involved the construction of the mechanics' lien law as applicable to fixtures. It is no help or authority in this case

Another mechanics' lien case is *Goodin v. Hall Ass'n*, 5 Mo. App. 289. The general discussion of the law of fixtures in that case is favorable to our conclusion in this.

We conclude, therefore, that the action of the court in directing a nonsuit can and ought to be sustained on the ground, that, under the plaintiffs' evidence, the property in dispute was a part of the realty.

The judgment of the circuit court will be affirmed. All the judges concur.