CHARLES E. COOKE *et al.*, Appellants, v. THOMAS McNEIL *et al.*, Respondents.

Kansas City Court of Appeals, April 4, 1892.

1. **Mechanics' Lien:** FIXTURES: FURNACE: INSTRUCTION. In an action to enforce a mechanics' lien for furnishing a hot-air furnace for a dwelling, an instruction telling the jury that, if the furnace rested on the ground, or a platform made for that purpose, and was not permanently fastened down, and that the whole apparatus was so constructed as to be removed without defacing or injuring the walls, then there was no lien is erroneous, since it omits the question of intention, which is a legal criterion, and mere physical annexation is not a test.

2. ———: STATUTE: FURNACE: CONTRACT. Under the terms of the mechanics' lien statute, the contractor is entitled to a lien for putting a furnace in a dwelling house, even though the contract provides for a removal in case the furnace does not fill the requirements.

*Appeal from the Jackson Circuit Court.*—HON. R. H. FIELD, Judge.

REVERSED AND REMANDED (*with directions*).

*Cook & Gossett*, for appellants.

(1) The furnaces, with their connections, attachments and pipes, constituted the furnace systems of the houses. The houses were constructed and designed for such systems of heating, and the same constituted a part

of the houses. They constituted fixtures as fully as doors, transoms, keys or shutters, and plaintiffs were, consequently, entitled to a lien therefor. *Goodin v. Ass'n*, 5 Mo. App. 298; *Ward v. Kilpatrick*, 85 N. Y. 413; *Stockwell v. Campbell*, 39 Conn. 362; *Dimmick v. Cooke*, 115 Pa. St. 573; *Heidlinger v. Milling Co.*, 16 Mo. App. 327. (2) The provision in the contract that certain of the pipes and registers should be so attached that they could be removed without defacing the plastering or ceiling, and that appellants should have the option in a certain contingency of removing them, does not prevent them from being fixtures. For the very reason that they are fixtures the provision was put in the contract. If personalty, the right of removal would exist without such provision, in case the owner of the land refused to accept them.

*Kagy & Bremerman*, for respondents.

(1) What constitutes a fixture, within the meaning of the mechanics' lien law, is the pertinent inquiry. These furnaces are not fixtures. To constitute them fixtures, they must be attached to, and form part of, the realty. *Grove v. Price*, 53 Mo. 423; *Rogers v. Crow*, 40 Mo. 91; *Haeussler v. Glass Co.*, 52 Mo. 432; *Collins v. Mott*, 45 Mo. 101; *Elliot v. Wright*, 30 Mo. App. 217; *Baldwin v. Merrick*, 1 Mo. App. 281; *Goodwin v. E. H. Ass'n*, 5 Mo. App. 289; Phillips on Mechanics' Liens, sec. 175; *Towne v. Fiske*, 127 Mass. 125. (2) These furnaces were put in with a view to their removal. This was the contract and the intention of the parties. It is the intention that governs in determining what is a fixture. *Vail v. Weaver*, 132 Pa. St. 363; *Donnewald v. Real-Estate Co.*, 44 Mo. App. 352; Ewell on Fixtures, 22; *McDonald v. Shepherd*, 25 Kan. 112; *Morris v. French*, 106 Mass. 326; *Binkley v. Forkner*, 117 Ind. 176; exhaustive note 3 L. R. A. 34.

ELLISON, J.—This action is to enforce a mechanics' lien on account of a hot-air furnace, including pipes, registers, etc., furnished by plaintiff to defendant McNeil, for his residence in Kansas City. The furnace was placed in the cellar of the house and rested on a platform of brick, built for that purpose. It was not attached to this platform by fastening, nor in any other way than by its own weight. It was connected with the building by pipes leading to registers in the different rooms of the house. The contract provided that in case the furnace did not work and could not, on notice, be made to work satisfactorily, in accordance with the terms of the contract, it should be removed. It was further provided in the contract that the furnace and pipes should be so put in the building that it could be "removed without disturbing plastering or defacing ceiling."

The jury found for plaintiff on the issue of the sufficiency of the furnace, for the amount of his claim, but found that he had no mechanics' lien therefor. Plaintiff appealed in due course to this court. The appeal is well grounded. From what is clearly shown by the testimony, it is not easy to understand why plaintiffs should be denied their lien. The jury evidently found against the lien in response to the following instruction given in behalf of defendants, viz.: "If the jury believe from the evidence that the two furnaces mentioned in the contract read in the evidence were placed in the cellars of defendants' houses, rested on the ground, or on a platform of brick or stone made for that purpose, were not permanently fastened down, the heating apparatus encased in galvanized iron covering, and that the pipes used to conduct hot air and attached thereto and all parts of said attachments to said furnace were so constructed that they might be

removed without defacing or injuring the walls, plastering or ceiling] of said houses, then plaintiffs are not entitled to lien on said houses, notwithstanding you may believe said furnaces were of value to defendants, and have not been paid for." This instruction cannot be defended. It prescribes tests as to whether the furnace and its attachments were fixtures or a part of the building, which are not justified by the law. It omits altogether one prominent test in such case—the question of intention. One of three requisites, as stated in the books, is: "The intention of the party making the annexing to make the article a permanent annexation to the freehold." *Rogers v. Crow*, 40 Mo. 91; *Donnewald v. Turner*, 44 Mo. App. 352; *Binkley v. Forkner*, 117 Ind. 176. In *Vail v. Weaver*, 132 Pa. St., the question was whether the machinery and fixtures of an electric plant which were placed in tack works were placed there permanently. The court held that if they were temporary fixtures placed for temporary purposes they were not a part of the realty; that the intention to annex is the legal criterion, and that mere physical annexation was not a test.

But if we turn to the statute giving these liens it appears quite certain that plaintiff is entitled to his lien. It is provided in section 6705, Revised Statutes, 1889: "Every mechanic or other person who shall do or perform any work or labor upon, or furnish any material, fixtures, engine, boiler or machinery for any building, erection or improvement upon land," etc., shall have a lien upon such building, erection or improvement. Under the lien statute of Pennsylvania similar in this respect to ours, a case arose over articles consisting of a "heating, laundry and cooking apparatus, including a large stock of soup kettles," which were placed in a hotel. The court held that a lien could be maintained against the building for

these articles as being for "the erection or construction" of the building itself. And that, "When a man constructs a building for a hotel, everything of a permanent character, which will pass as a part of the freehold, and which is reasonably necessary to equip it for the purpose for which it is erected, is a part of such building." *Dimmick v. Cooke*, 115 Pa. St. 573. In *Ward v. Kilpatrick*, 85 N. Y. 413, a lien was sustained for mirror frames set in places left in the walls for that purpose in the hall and parlor of a residence,—those in the hall were so arranged as to serve the purpose of a hat rack and umbrella stand, they being *designed by the owner* to be permanently attached and to *go with the building when sold*. A case much like the one at bar is reported in 39 Conn. 362 (*Stockwell v. Campbell*), in which a mechanics' lien was upheld for a hot-air furnace placed in the cellar of a dwelling-house in a pit prepared for it in the bottom of the cellar where it was held in place simply by its own weight. The furnace was declared to be a part of the realty. We see no just ground for defeating plaintiffs' lien, as contemplated by the foregoing instruction, merely for the reason that the furnace, pipes and registers could be removed without defacing the walls or ceiling of the building.

It seems from defendants' argument that he relies to a great extent (notwithstanding the instructions omit such consideration) upon the intention of the parties to remove the furnace as shown by the contract. The contract does not show this. It merely provides for removal in case the furnace does not fill the requirements. The same provision might be made to any other part of a house. But that the furnace, if good, as found by the jury, was to be a permanent attachment and part of the freehold, can scarcely be questioned from defendants' own testimony, and the fact it

could be removed without injuring or defacing the house, the foregoing authorities show, should have no weight in destroying a case otherwise well made. The judgment is reversed and cause remanded with directions to enter a judgment enforcing plaintiffs' lien. All concur.