McLAIN INVESTMENT COMPANY, Appellant, v. M. E. CUNNINGHAM et al., Respondents.

### Kansas City Court of Appeals, May 8, 1905.

1. **FIXTURES: Landlord and Tenant: Agreement.** An agreement between a landlord and tenant giving the latter right to remove his fixtures makes them personal property as between the parties.

2. ———: ———: **Intention: Circumstances.** Mere intention of a tenant when putting in fixtures to remove them will not make them personal property; but regard must be had to the intention and the character of the fixture and the circumstances, and on the evidence held that a boiler for heating purposes in a hotel was not a fixture.

3. ———: ———: **Common Law.** The common law rule relating to fixtures has been relaxed in its application to landlord and tenant and the rule between vendor and vendee and mortgagor and mortgagee does not apply.

Appeal from Clay Circuit Court.—*Hon. J. W. Alexander*, Judge.

AFFIRMED.

*Harris L. Moore* for appellant.

(1) The two declarations of law requested by appellant should have been given, they were applicable to the facts in evidence in the case and stated correct principles of law and although there was other evidence in the case on which the court might have found against

appellant, still a party to a suit is entitled to have his evidence considered under correct theories of law. Ashby v. Ashby, 59 N. J. Ch. 536; Pond & Hasey v. O'Connor, 70 Minn. 266; Mfg. Co. v. Carroll, 72 Mo. App. 315; Tyler v. White, 68 Mo. App. 607. (2) The declarations of law given for defendant stated the law incorrectly and were without basis of fact. (3) A steam heating boiler, connected with pipes running through the floors and partitions of a building, having no other means of heating, and that is useless for a large part of the year without such boiler, is such a fixture as cannot be removed even by a tenant. Pond & Hasey v. O'Connor, 70 Minn. 266.

*William A. Craven* and *Simrall & Trimble* for respondents.

(1) Where both the law and the facts are submitted to the court, its finding will not be disturbed by the appellate court if there is evidence to support it; and if the law applicable to the facts as found is correctly declared, the refusal of a proper declaration will not constitute reversible error. Cook v. Farrah, 105 Mo. 508. (2) In this case the evidence as to the circumstances under which the boiler was placed in the building by the tenant—that is—the evidence bearing on the question of its being a fixture or not—was conflicting. The court might have found either way. The declarations given show that it found the facts contended for by respondents and gave correct declarations, applicable to those facts. In such case the judgment will not be reversed. Myers v. Miller, 55 Mo. App. 347-8. (3) The cases cited by appellant do not sustain appellant's contention that the case should be reversed.

BROADDUS, P. J.—This is a suit in replevin for the possession of a certain steamheating boiler used for the purpose of heating a hotel in the city of Excelsior

Springs, which at the time of the institution of the suit was occupied by defendants as plaintiff's tenants. Defendants took possession of the building in the fall of 1901 under a lease for two years by which they accepted the building and agreed to keep it in repair and to turn it over at the expiration of their lease in as good condition as when they received it.

At the time defendants took possession of the building there was in the basement of the same, set in a pit, a heating boiler consisting of different sections attached to pipes that ran through the floors and partitions to the different rooms therein. This boiler was the means of heating the building and was adapted to no other purpose. In order to remove the boiler it was necessary to unscrew the attachments that connected it with the pipes and to then remove it from the pit by sections. The boiler was not much used in the winter of 1901-02 owing to an insufficient supply of water. In the following spring it was discovered the boiler was almost useless, as many of the sections had bursted, which had resulted from the freezing of water therein. The evidence was conflicting as to whether its condition was brought about because plaintiff had left water in it when it was turned over to defendants, or caused by the neglect of defendants by letting water into it and permitting it to stand during the winter.

In the summer of 1902, defendants removed said boiler and replaced it with the one in controversy. It was shown that at the time of putting in the new boiler, it was their intention to remove it before the expiration of the lease and replace the old one. There was evidence tending to show that plaintiff agreed that defendants might remove the boiler in question at the expiration of their lease. And they were so removing it with the view of replacing the other when plaintiff instituted this suit.

A jury was waived and the case was tried before

the court. The finding and judgment being for defendants, plaintiff appealed. The court refused the following declarations of law asked by the plaintiff:

1. "If the defendants accepted a lease from the plaintiff, of a hotel building equipped with a steam heating plant fed by a boiler, and covenanted to keep the premises in repair and so return them to the landlord, and, during his term defendant removed the boiler and substituted a new boiler in its place, and if a boiler was necessary in the use of the premises for the purposes for which they were adapted, then such new boiler became a fixture in the building."

2. "Fixtures to be capable of removal by a tenant, must be additions made by the tenant to the property of the landlord, and not substitutions for essential parts of it, which the tenant has removed."

The court gave the following at the instance of defedants:

1. "The court declares the law to be that the boiler in plaintiff's house at the time defendant rented it was a fixture and if defendants removed it because inadequate, and put the boiler in controversy in its place, with the intention of removing it before his lease expired and restoring the original boiler to its original position, and was proceeding to remove it for the purpose of replacing the original boiler before his lease expired, when plaintiff's suit was instituted, then the finding should be for the defendants."

2. "The court declares the law to be that if the defendants removed the boiler in plaintiff's house at the time they rented it because it was inadequate, and replaced it with the boiler in controversy, with the understanding with plaintiff that they should be permitted to remove the latter before the expiration of their lease, and were proceeding to do so before the expiration of their tenancy, when plaintiff's suit was instituted, then the finding should be for the defendants."

The plaintiff contends that the court committed error in not giving his said declarations of law. The substance of these declarations is that the boiler in question was a fixture. And the substance of defendants' declarations is that, if they put it into the building with the intention of removing it before the expiration of their lease, or that plaintiff agreed that they might remove it before that time, they were entitled to remove it.

It is often a difficult question to determine what is and what is not a fixture. The books contain many different attempts to define fixtures; but, after all, we deduce only certain general principles which can be useful in their application to a given case. But it is well settled that an agreement between landlord and tenant, giving the right to the tenant to remove his fixtures, thereby makes them personal property as between the parties. [Bronson on Fixtures, chap. 6, sec. 39a.] We suppose, as a proposition of law, the rule will not be disputed. The second declaration of law given for defendants being predicated upon this rule, it is therefore unobjectionable.

The mere intention of a tenant to remove a fixture put in by himself before the expiration of his lease would not have the effect of making the same personal property, because its removal might have the effect of injuring the realty; in which case, intention would not govern. But in order to determine whether defendants had the right to remove the boiler in controversy we must take into consideration the character of the thing, the circumstances and the intention of the tenant who put it in the building. Defendants found that they could not get heat for the use of their hotel with the boiler then in the building and they substituted one of their own for their purpose with the announced intention of removing it before the lease expired. The boiler was not attached to the walls in any way that did not per-

mit its removal without injury to the building. The process of removal was to unscrew the attachment to the pipes that ran through the building and then take it by sections from the pit. "What constitutes a fixture turns largely on the particular circumstances of each case. In controversies between landlord and tenant, there is the most liberal indulgence toward the claim of the tenant." [Davis v. Mugan, 56 Mo. App. 311.] In a case arising between a mortgagor and mortgagee, the New York court held: "We think to the true rule, which applies with much force as between landlord and tenant, that the mode of annexation of the article is not the controlling test, but that . . . the purpose of the annexation, and the intent with which it is made, is in such cases the most important consideration. The permanency of the attachment does not depend so much upon the degree of physical force with which the thing is attached as upon the motive and intention of the party attaching it. If the article is attached for temporary use with the intention of removing it, a mortgagee cannot interfere with its removal by the mortgagor." [McRea v. Bank, 66 N. Y. 489. See also, Donnewald v. Real Estate Co., 44 Mo. App. 350; Rogers v. Crow, 40 Mo. 91.] We believe the foregoing rule is to be applied to this case if the boiler is to be regarded as a fixture.

But, after all, was the boiler a fixture as between landlord and tenant? It was personal property and could only become a part of the realty as a fixture. We have a case in this State where a furnace used for heating a residence was in controversy. The plaintiff sought to enforce a vendor's lien upon the same. It weighed 15,000 pounds and was encased with brick and mortar which were there before the furnace was put into the house, and had been used formerly as a stand for a similar heater. The pipes running through the house were no part of the furnace and were in place before it came and were used with the old heater. The court held,

" as between vendor and vendee, it would, perhaps, have been a fixture; as between lessor and lessee, it would not." And it was further held it was not a subject for a lien within the mechanic's lien law. [Baldwin v. Merrick, 1 Mo. App. 281.] In Goodin v. Elleardsville, 5 Mo. App. 289, the question of fixtures was discussed at length, and the holding in Baldwin v. Merrick, supra, approved. The question was again under consideration in Rogers v. Crow, supra, and by implication the court adhered to the same ruling. And also in Donnewald v. Real Estate Co., supra, See also Conde v. Lee, 175 N. Y. 662. In view of the relaxation of the common law and the liberal construction adopted by the courts as to the rights of tenants upon the question of fixtures, we are of the opinion that the boiler here never became a fixture in law. That it was put into the building for a temporary purpose by defendants, with the intention of removing it before the expiration of their lease, appeared beyond all question. Such being the case, it devolved upon the court to return a verdict in their favor. And there was no error in refusing plaintiff's declarations of law, for the reasons given.

We have not only considered plaintiff's authorities, but have considered decisions of most of the States and of the United States court. And, whereas, there is much conflict in the authorities, they all, so far as our investigation has gone, agree that the common law rule has been relaxed as to the question between landlord and tenant; and what would be a fixture as between vendor and vendee, or mortgagor and mortgagee, does not apply to landlord and tenant. Upon principles deducible from all modern authorities, the tenants having put in the boiler for a temporary purpose with the intention of removing it before the expiration of their lease, it did not become a fixture. Pond v. O'Connor, 70 Minn. 266, relied on by plaintiff, we do not think should govern this case, although the article was a boil-

er and substituted for another and it was attached to the building by pipes. In that instance the lessee, in remodeling the building, put in the boiler. The court found, and we think properly, under the circumstances, that it was never the intention to remove it.

From the foregoing it follows that the court committed no error in the first declaration of law. Affirmed. All concur.