————o————

HERMAN A. HAEUSSLER, Appellant, *vs.* MISSOURI GLASS COMPANY, Respondent.

1. *Mechanic's lien—To what attaches.*—A mechanic's lien only attaches to such property and fixtures as form part of the realty. (W. S., 907–8, §§ 1–4.)
2. *Trustee's sale—Personal property—How attacked.*—The sale of a trustee under a deed of trust of personal property, can only be attacked by a suit in equity to set it aside by the grantor in the deed of trust, or one claiming under him.

*Appeal from St. Louis Circuit Court.*

*Slayback & Haeussler,* for Appellant.

The defendant was present at the sheriff's sale, *and by its silence* and by letting judgment go, is now estopped from denying plaintiff's title. (Dolde vs. Vodicka, 49 Mo., 101 ; Rice vs. Bunce, 49 Mo., 234–5 ; State to use, &c. Ross vs. Cave, 49 Mo., 131.)

*Hitchcock, Lubke & Player,* for Respondent, cited : Collins vs. Mott, 45 Mo., 100.

ADAMS, Judge, delivered the opinion of the court.

This was an action of replevin for various articles of personal property, being tools, implements, moulds &c., for the manufacturing of glass.

The plaintiff claims title by virtue of a sale under a judgment and execution, rendered on a mechanic's lien ;—and the defendant claims title by virtue of a deed of trust, and a sale and purchase thereunder. The sale under the mechanic's lien would be the better title, if any title at all passed by such sale to this sort of property.

The description in the mechanic's lien and judgment covered the propety by name, but the difficulty is that such lien only attaches to such property and fixtures as form a part of the realty, and not to personal property such as this was, and which, although used in the manufacturing of glass, did not become a part of the realty so as to be subject to the mechanic's lien. The sale therefore of this personal property under the mechanic's lien passed no title. (W. S., 907, §§ 1, 2, 3, and 4; Collins vs. Mott, 45 Mo., 100.)

The deed of trust under which the defendant claims title, covered the same property. The trustee sold it all in a lump, and the defendant became the purchaser. It is objected here, that this sale passed no title.

The plaintiff has no right to raise this objection; if it could be raised at all by him claiming under the grantor in the deed of trust, it could only be done by a suit in equity to set aside the sale. Until set aside by a direct proceeding for that purpose, the trustee's sale must stand. Judge Wagner absent. The other Judges concur.