JOHN GOODIN, Respondent, *v.* ELLEARDSVILLE HALL ASSOCIATION ET AL., Appellants.

,February 12, 1878.

1. A fixture is in its nature a chattel, but must have been so planted in or attached to the soil as to have become, in contemplation of law, a part of

it, so that it cannot be removed without the consent of the owner, and partakes of all the legal incidents of a freehold.

2. Where a thing which is adapted to the use of that part of the realty to which it is connected is annexed, either really or constructively, to the realty, with the intention, on the part of the party making the annexation, to make the article a part of the building itself, it is a fixture; but each particular case of fixtures must be determined by its own facts, and is more for the jury than for the court.

3. For the purposes of the mechanic's-lien law, the rules applicable between heir and executor should be applied, and that only should be considered a fixture which is so attached as to become a part of the building which is itself a part of the realty.

4. Furnaces weighing 2,500 pounds were, during the course of the erection of a building, put into it, in sections, cemented to their place on brick foundations built for them on the ground floor; furnished therewith, and part thereof, were smoke-flues connecting with flues in the walls of the house, and hot-air ducts or flues passing through the house, into register-boxes cut for them in each story, and firmly fastened, making provision for heating the entire building, there being no other provision for heating it. *Held,* that the furnaces, smoke-flues, and air-ducts were a connected whole and a part of the realty, for which a mechanic's lien would lie.

APPEAL from St. Louis Circuit Court.

*Affirmed.*

HITCHCOCK, LUBKE & PLAYER, for appellants: As to what are fixtures. — Wag. Stat. 907, sec. 1 ; *Collins* v. *Mott,* 45 Mo. 101, 102 ; *Haeussler* v. *Missouri Glass Co.,* 52 Mo. 452 ; *Hunt* v. *Mullanphy,* 1 Mo. 508 ; 3 Mo. 207 ; *Rogers* v. *Crow,* 40 Mo. 91 ; *Heimes* v. *Ament,* 43 Mo. 298 ; *Graves* v. *Pierce,* 53 Mo. 423 ; *Lambard* v. *Pike,* 33 Me. 144 ; *Baldwin* v. *Merrick,* 1 Mo. App. 281. The taking of other security, either on property or that of individuals not parties to the transaction, will have the effect of waiving or discharging the right to a mechanic's lien. — *Bradley* v. *Anderson,* 33 Ill. 113 ; 48 Ill. 442.

LUCIEN EATON, for respondent: A furnace placed permanently in a house is a fixture, a part of the realty. — *Thielman* v. *Carr,* 75 Ill. 385 ; *Latham* v. *Blakeley,* 70 N. C. 369 ; *Rogers* v. *Crow,* 40 Mo. 91 ; *Stockwell* v. *Campbell,* 39 Conn. 362 ; *Alvord* v. *Gleason,* 36 Conn. 86 ; *Reilly* v. *Hudson,* 62 Mo. 383  *Potter* v. *Cromwell,* 40 N. Y. 287.

Actual attachment to the land is not necessary to make a chattel a fixture. — *Snedeker* v. *Warring,* 12 N. Y. 170; *Wadleigh* v. *Jauvin,* 41 N. H. 503.

BAKEWELL, J., delivered the opinion of the court.

This is an action brought against the Elleardsville Hall Association, on a mechanic's lien, for two No. 8 Monitor furnaces, with registers, hot-air pipes, and cold-air ducts. The petition states that the price agreed was $900, of which $200 was paid; that, in acknowledgment of its indebtedness, the association made its three notes, which plaintiff offered to surrender, and of which he made *profert.* The answer was a general denial. Afterwards, James Duross moved to be made a party defendant, on the ground that he then owned the property   The motion was granted, and he filed a general denial. The cause was tried by the court, without a jury, and there was a finding and judgment for the amount claimed, and for the lien. Duross alone appeals.

It is claimed that, on *profert* of the notes, it appeared that they were indorsed by one Ganzhorn, and that the taking of the notes thus secured was a waiver of the lien. This defence, it is claimed, on the other hand, is in the nature of a confession and avoidance, and could not be shown under the general issue. It is not necessary to pass upon the question of pleading. There is nothing to show that the note in question was given or received in payment of the balance due, and we do not consider that the mere taking of these notes was a waiver of the lien. *Elliott* v. *Sleeper,* 2 N. H. 525; *Jaffrey* v. *Cornish,* 10 N. H. 505. There is really only one question in the case. It is, whether or not the goods sold were of such a character as that a lien could be had for them. We proceed to its consideration.

There was evidence tending to show that the furnaces were put in when the building was approaching completion, the work occupying about three weeks. No other provision

existed for heating the building, which was used as a livery-stable on the first floor, and as a hall on the second floor, and as a lodge-room for society meetings on the third floor. The furnaces weighed over two thousand five hundred pounds, were put up in sections, and were cemented to their place, and set on and cemented to brick foundations laid by plaintiff in cement on the ground floor, and could be removed only by taking them apart in sections. The hot-air flues were carried to the top story, passing into register-boxes cut into and nailed to the floors. Holes were cut for them in each floor, and one joint in each floor cut to admit them; they were sheathed in the floors with tin, and firmly attached to the wood-work. Air-ducts in the first story furnished fresh air for the furnaces. The smoke-flues were connected with the brick walls, and entered flues therein. The holes in the floors were cut by the carpenters, when the building was put up, for the purpose of receiving the flues.

The court declared the law as follows: "If the court, sitting as a jury, finds that the two furnaces mentioned in the petition were placed in the building for permanent use; were placed on a bed of bricks and mortar in the first story; that there was no cellar or basement; that these furnaces were so large and heavy as to be put in place in sections, and the joints cemented; that the furnaces were connected with the brick walls of the building, and with flues therein constructed for them, by smoke-pipes; and that the hot-air flues from said furnaces were carried therefrom through the floors and plastering of the second and third stories of said building, and so connected thereto that their removal would cause injury to said floors and plastering, such as to entail more or less repairs therefor; — if these facts are found to be true, then the law is that such furnaces are fixtures under the mechanic's-lien law of this State."

And the following declarations of law, asked by defendant, were refused:

" If the furnaces in question are not permanently attached to the defendant's building, and can be removed therefrom without substantial injury to said building, then plaintiff is not entitled to any mechanic's lien.

" If the furnaces sold and delivered by plaintiff to defendant are portable furnaces, and can be removed without substantial injury to the building, and the building otherwise heated, then plaintiff is not entitled to any mechanic's-lien judgment in this case.

" Upon all the evidence, plaintiff is not entitled to a mechanic's lien against the property in the petition described."

The ingenious and learned author of a brief treatise on Fixtures, published fifty years ago, took for his motto the well-known lines in which the slave in Terence remonstrates with his young master that it is impossible to be in love by rule : —

> "Incerta hæc si tu postules,
> Ratione certa facere, nihilo plus agas,
> Quam si des operam ut cum ratione insanias."

As the cases on the subject of fixtures have multiplied a hundred-fold since Mr. Gibbon wrote, and as " each new case seems only the more to disturb any fixed or certain rule that seemed deducible from former cases, so that precedents may readily be given that seem to uphold any doctrine at which one arrives, or is anxious to arrive" (Lynch, J., in *Re Trevey*, quoted by Ewell, Pref.), this motto of despair is more appropriate than ever.

A fixture is something in its nature a chattel, but which has been so planted in, or attached to,. the soil as to be, in contemplation of law, a part of it, so that it cannot be removed without the consent of the owner, and partakes of all the legal incidents of the freehold. The rule has been relaxed by exceptions in favor of trade, and in favor of agriculture, and in favor of the tenant as against the landlord. But the doctrine of fixtures is not to be estab-

lished in the exceptions to it. And, for the purpose of the mechanic's-lien law, we take it that the rules applicable between heir and executor should be applied, and that only should be considered a fixture which is so attached as to become a part of the building which is itself a part of the land. *Collins* v. *Mott*, 45 Mo. 101; *Haeussler* v. *Glass Co.*, 52 Mo. 452.

Where annexation to the realty is spoken of, mere physical annexation is not exclusively meant. A carpet is not a fixture, though nailed to the floor; and a key that you carry in your vest pocket may be a part of the realty, and pass as an incident of the estate. It is generally conceded, however, that where a thing, first, is adapted to the use of that part of the realty to which it is connected; second, is annexed, either really or constructively, to the realty; third, with the intention, on the part of the party making the annexation, to make the article a part of the building itself, we have a clear case of fixture. Now, these three tests all present questions of fact, and are not resolvable by law. It is from the nature of the subject, therefore, that the rules of law are vague and of extremely doubtful application in many cases. Each case stands on its own bottom, and is much more for the jury than for the court. A landlord sued an outgoing tenant for taking down and carrying off with him the cornice of the building. *Avery* v. *Cheslyn*, 1 Har. & W. 283. Coleridge, J., left it to the jury to say whether the cornice was ornamental, or of domestic use, and whether it was so affixed that it could be removed without substantial injury. The jury found for the landlord; and, on appeal, Lord Denman said the court thought the cornice a removable fixture, but would not disturb the verdict, because it was for the jury to say whether it was an ornament, and easily removable, and they had decided in the negative.

As to a furnace, it is said in the old books that the difference is between a furnace fixed to the middle or to the walls

of a house. In the first case, the tenant may take it away; but not in the last. *Per* Dyer and Owen, JJ. (Owen, 7), in case of *Day* v. *Austin.* A furnace fixed *in medio domus* is but a chattel, and removable; but otherwise, if fixed to the walls. *Per* Walmesly, said to have been agreed in Dyer's time; Cro. Eliz., in case of *Day* v. *Bribich;* Bac. Abr. 10, 431, tit. " Waste."

So, in Missouri, it was held that a boiler put in a tannery with brick and mortar; stills set in a furnace; and moulds, pots, and other things attached to and connected with the furnaces in a glass factory, are not fixtures, and do not pass with a deed for the land. *Hunt* v. *Mullanphy*, 1 Mo. 508, 620; 52 Mo. 452.

In Massachusetts, gas-pipes passing from the cellar through the house, though passing through wooden ornaments of the ceiling, which were cut away for their removal, have been held not to be fixtures, and to be removable by lessee. *Wall* v. *Hinds*, 4 Gray, 256. In New York, the ornamental brackets screwed on to the ends of these same pipes, and generally regarded as mere chattels, have been held to be fixtures, and to pass with the house, when the vendor said, " The house is complete; you have only to walk in and light the gas." *Funk* v. *Brigaldi*, 4 Daly, 359.

In Connecticut, recently (1872), a portable hot-air furnace, placed by the owner of the house in a pit prepared for it in the cellar, but not in the brick, or otherwise fastened to the house or floor, but held in place by its own weight, together with the smoke-pipes leading therefrom to the chimney, was held part of the realty, subjecting the whole house to the mechanic's lien. *Stockwell* v. *Campbell*, 39 Conn. 362.

In *Baldwin* v. *Merrick*, 1 Mo. App. 281, the court, sitting as a jury, held that a portable furnace, set upon a stand of brick-work prepared for its reception, resting in place as an egg rests in the cup, which weighed one thousand five hun-

dred pounds, and was put up in three sections, which could be carried out without disturbing ceiling, walls, or floor, and which was put in place to replace the old furnace that had burned out, was not a fixture within the meaning of the mechanic's-lien law. We refused to disturb the judgment. That case was distinguishable from the one at bar. In this case the furnace was connected with the brick-work below, and the hot-air flues and air-ducts running all through the house were furnished with it and made a part of it, and the house was built to receive the furnace, and to be heated by it alone; and it was manifest that the house would be incomplete without it, and that the whole thing together was put there to remain, and to become a part of the house; and there was testimony that the flues could not be removed without injury to the floors and plastering; and the court found, as a fact, that the furnaces were placed in the building for permanent use, as it might do from the evidence. In the *Baldwin* v. *Merrick* case there is no declaration of law, but the testimony is that the furnace, "if taken away, would not be missed more than an ordinary stove."

In the case before us, the instruction given seems to apply the tests of adaptation, annexation, and intention, and is warranted by the evidence. The instructions refused were properly refused, because the mere fact that the furnaces might be removed, were portable, and could be taken out without substantial injury to the building, would not be conclusive of the question of a right to a lien. The question was, not of furnace alone, but of a system of heating, ramifying all through the house, of which the furnaces might be said to be the heart, and the air-ducts and flues the lungs and arteries. It has been held in this State (*Cohen* v. *Kyler*, 27 Mo. 122), that a bath-tub, and pipes running through the house and connecting with it, pass to the vendee; and, for such a tub, we suppose the builder of the house might have a lien, or the plumber who put up

pipes and tub together, whether the tub could be removed without substantial injury to the building or not. But, if the tub should be worn out, it is a very different question whether one who might sell a new tub to replace the old one would therefore have a lien. If, as in the case of *Baldwin* v. *Merrick*, it appeared that the article sold was portable in its character, and had merely to be set in its place, and it did not appear that any work or mechanical appliances were necessary to connect it with the pipes already in the house, it might be a question for the jury to determine how far it was intended to be permanently affixed to the house.

The law of the case was, we think, correctly declared in the case at bar, and there was evidence to support the finding; and we think the judgment should not be disturbed. It will be affirmed. All the judges concur.