## C. W. WINSLOW v. JOSEPH BROMICH et al.

SUGAR WAGON, *Not a Fixture.* A movable sugar wagon, constructed of sheet and cast iron, 4 feet long, 3 feet wide, and 26 inches deep, with three adjustable low wheels about 8 inches in diameter, used in a sugar mill for the purpose of holding syrup and conveying it from place to place by being pushed by hand, not actually or constructively annexed to the realty, or to anything appurtenant thereto, but being placed in the mill for use only and not to enhance the value of the realty, is personal property, and not a fixture.

*Error from Clark District Court.*

THIS action was tried by the court, without a jury, on October 8, 1890, upon the following agreed statement of facts, the exhibits being omitted :

"That the American Sugar Company is now and for a long time has been a duly organized and existing corporation under and by virtue of the laws of the state of Kansas; that said corporation was organized for the purpose of erecting sugar mills in the state of Kansas, and for the purpose of operating the same in the manufacture of sugar; that on the —— day of ——— 1889, the American Sugar Company purchased the north 60 acres off of the north half of the southeast fourth of section 12, town 30, range 25, Clark county, Kansas, and received a warranty deed therefor; that during the summer of 1889, the American Sugar Company erected, on the lands hereinbefore described, a sugar mill, which mill was constructed by the American Sugar Company for the purpose of operating the same in the manufacture of sugar and syrup at Minneola, and was commonly known as the 'Minneola sugar mill'; that the building consisted of a large structure, being substantially built of wood and stone; that the machinery in said building consisted of boilers, en-

gines, vats, pumps, pipes, etc., and was constructed and said machinery was placed therein for the express purpose of manufacturing syrup and sugar; that the plaintiff Joseph Bromich, during the time said building was being constructed and for the purpose of having placed therein a portion of the machinery necessary to operate said sugar mill, furnished to the American Sugar Company the boilers, smokestack, which were all furnished to the American Sugar Company and used in and about the said building for the purpose of manufacturing syrup and sugar; that all of said boilers, smokestacks, were furnished at the special instance and request of the American Sugar Company.

"It is further agreed, that the plaintiffs and the defendant each filed a mechanic's lien upon the building and premises hereinbefore described to secure the amount of their respective claims; that said liens were all properly and legally filed, and became a lien upon the premises hereinbefore described under and by virtue of the mechanics' lien law; that on the 30th day of December, 1889, the plaintiff herein Joseph Bromich commenced suit in the district court of Clark county to foreclose his mechanic's lien; that in said suit he made his coplaintiffs herein, B. Densmore and D. Densmore, partners as Densmore Brothers, and C. W. Winslow, et al., defendants; that in said suit the plaintiffs D. Densmore and B. Densmore, partners as Densmore Brothers, and the defendant C. W. Winslow, filed cross petitions in said suit, asking to have their mechanics' liens foreclosed; that afterwards, on the 6th day of June, 1890, the case being at issue, came regularly on for trial, the evidence being heard and all things well understood, the trial court rendered judgment in said suit foreclosing the mechanics' liens hereinbefore mentioned. A copy of said judgment so rendered is hereto attached, marked 'Exhibit A,' and made a part of this agreed statement of facts.

"It is further agreed, that the plaintiff Joseph Bromich furnished to the American Sugar Company 50 sugar wagons, which were constructed by Bromich for the express purpose of being used by the American Sugar Company in said sugar factory; that said sugar wagons so made and furnished to the American Sugar Company were included in the mechanic's lien filed by Joseph Bromich, and were of the value of $19.50 each, and were furnished at that price under contract with and at the special request of the American Sugar Company, making an aggregate value of $975; that said amount of $975 went to make up and constitute a part of the judgment

rendered in said case, which was heretofore referred to as 'Exhibit A'; that a copy of the mechanic's lien is hereby referred and made a part of this agreed statement of facts; that the mechanic's liens of the plaintiffs herein B. Densmore and D. Densmore, partners as Densmore Bros., and the defendant C. W. Winslow are hereby referred to and made a part hereof; that the sugar wagons so furnished by the said Joseph Bromich as heretofore referred to were constructed of sheet and cast iron, being 4 feet long, 3 feet wide, and 26 inches deep, with three adjustable wheels on each wagon, and intended to be used in said building for the purpose of holding the syrup and moving it from place to place on the floor of said building until it could be converted into sugar; that the wheels on said sugar wagons were low wheels, of about eight inches in diameter, and the wagons were intended to be pushed by hand from place to place in said building; that said sugar wagons so furnished were of the same character of sugar wagons that are used in the manufacture of sugar at other sugar plants in the state of Kansas, and in other states, and were manufactured for the express purpose of being used at the Minneola sugar mills, and were so used during the time that said sugar mill was being operated; that said sugar mill could not be successfully operated in the manufacture of syrup and sugar without such wagons or vessels of like character.

"It is further agreed, that after the rendition of the judgment which is attached hereto, marked 'Exhibit A,' the defendant C. W. Winslow went upon said premises with the permission of the defendant the American Sugar Company, under a contract of purchase, and took therefrom the 50 sugar wagons hereinbefore mentioned and shipped them to Alabama, there to be used in the manufacture of sugar; that said wagons were so removed without the consent of the plaintiffs herein; and that they were not aware that said wagons were going to be removed by the said Winslow or any other person until after they were removed. It is further agreed, that the value of said sugar wagons so removed by the defendant was $400, and that C. W. Winslow sold said wagons and received therefor the sum of $400; that said premises were afterwards, to wit, on the 26th day of August, 1890, sold, under and by virtue of the judgment heretofore referred to, and bought in by the plaintiffs herein, Joseph Bromich and B. Densmore and D. Densmore, for the sum of $5,002. It is further agreed, that the defendant C. W. Winslow claimed at the time of the removal of said sugar wagons and, now claims, that the

same were personal property and not subject to the lien of the judgment heretofore referred to; that it is claimed on the part of the plaintiffs, Joseph Bromich and B. Densmore and D. Densmore, that said sugar wagons were and constituted a part of the fixtures upon the premises described hereinbefore, and were subject to the lien of the judgment heretofore referred to.

"It is further agreed, that if the sugar wagons heretofore referred to were personal property, then and in that event judgment should be rendered herein for the defendant C. W. Winslow for costs; but if said sugar wagons constituted a part of the fixtures upon said premises, and were subject to the lien of the judgment heretofore referred to, then and in that event judgment shall be rendered in favor of the plaintiffs, Joseph Bromich and B. Densmore and D. Densmore, partners as Densmore Brothers, and against the defendant C. W. Winslow, for the sum of $277.15, and costs.

The court found in favor of Joseph Bromich and the Densmore Bros., against C. W. Winslow, for $277.15. Judgment was entered accordingly, with costs. Winslow brings the case here.

*Horace G. Ney,* and *Linus S. Webb,* for plaintiff in error:

The term "fixtures" is always applied to articles of a personal nature which have been affixed to land. 8 Neb. 192. These sugar wagons were never "affixed to land." See the following authorities: *Teaff v. Hewitt,* 1 Ohio St. 511; 1 Mo. 508; 3 id. 207; 52 id. 452; 54 id. 428; 20 Wend. 636; 12 N. H. 205; 42 Kas. 23; Schoul. Pers. Prop. 25; Tayl. Land. & Ten., § 548. In 52 and 53 Mo., *supra,* it is held that a mechanic's lien attaches to such property and fixtures as form part of the realty. A hand cart or a wheelbarrow can hardly be considered a fixture or a part of the realty. The term "fixtures" has acquired, by contradictory decisions of the courts, a vague and ambiguous meaning. 8 Neb. 192. The sugar wagons in question were not necessary to complete the building and machinery used for making sugar; and if the wagons should be (as they were) removed, they would not leave the building and machinery unfit for use; and such wagons would

be equally useful and adapted for general use elsewhere; hence they are not fixtures, but were and are personal chattels. Ewell, Fixt. 34, 91.

*S. B. Isenhart,* for defendants in error:

The modern authorities both in this country and in England all hold that it is the use to which a thing is put which largely determines the fact of whether it is a fixture or not. It has long ago been the settled law of this country that property does not have to be attached in order to become a fixture. Log chains and crowbars used in and about mills have frequently been held to be fixtures, and it is now the modern doctrine everywhere, that if an article be made for a particular use in mills, factories, etc., and such mills and factories cannot be operated without said articles, then such articles are fixtures, whether they are attached or not. In all such cases it is the use which determines the thing to be a fixture or not, and not the question of how it is attached.

The plaintiff in error cites *A. T. & S. F. Rld. Co. v. Morgan,* 42 Kas. 23, as being a case which he claims maintains his theory, but we think that case clearly decides the doctrine as contended for by the defendants in error. The keys of a lock, the sails of a windmill, the leather belting of a sawmill, although actually severed from the principal thing and stored elsewhere, have all been held to be fixtures and pass by constructive annexation. Jones, Mort., §§ 447–451; see, also, 11 Cent. L. J. 216; 13 id. 98. We submit, therefore, that under the agreement contained in the record herein, and under the authorities heretofore referred to, these sugar wagons are fixtures, and belong to said sugar mill as a part of the necessary machinery to run and operate the same, and that the mechanics' liens attached thereto, and that the defendants in error became the owners thereof by purchasing said mill, with the appurtenances and improvements thereunto belonging, at the sheriff's sale made in the foreclosure of said mechanics' liens, and that the judgment of the lower court should be affirmed.

The opinion of the court was delivered by

HORTON, C. J.: This was a controversy in the court below over sugar wagons. They were furnished by Joseph Bromich to the American Sugar Company, manufacturing sugar at Minneola, in this state. They were constructed of sheet and cast iron, being 4 feet long, 3 feet wide, and 26 inches deep, with three adjustable wheels on each wagon. They were used in the mill for the purpose of holding the syrup and conveying it from place to place on the floor of the mill until it was converted into sugar. The wheels of the sugar wagons were low, about eight inches in diameter, and the wagons, when in use, were pushed by hand from place to place within the mill. These wagons were of the same character as other similar wagons used in other sugar mills, and such mills cannot be successfully operated without such wagons or other vessels of like character.

The question for our determination is whether the sugar wagons were personal property, or fixtures. If personal property, then C. W. Winslow is entitled to judgment for costs; but if fixtures, the judgment in favor of Joseph Bromich and the Densmore Brothers must be affirmed. The supreme court of Ohio, in *Teaff v. Hewitt*, 1 Ohio St. 529, says:

"The following requisites will be found the safest criterion of a fixture: (1) Actual annexation to the realty, or something appurtenant thereto. (2) Appropriation to the use or purpose of that part of the realty which it is connected. (3) The intention of the party making the annexation to make the article a permanent accession to the freehold; this intention being inferred from the nature of the articles affixed, the relation and situation of the party making the annexation, the structure and mode of annexation, and the purpose or use for which the annexation has been made." See, also, *Eaves v. Estes*, 10 Kas. 314.

In *Railroad Co. v. Morgan*, 42 Kas. 23, it was observed:

"One of the tests of whether personal property retains its character or becomes a fixture is the uses to which it is put. If it is placed on the realty to improve it and make it more

20—54 KAS.

valuable, it is some evidence that it is a fixture; but if it is placed there for a use that does not enhance the value of the realty, this is some evidence that it is personal property. . . . The simple fact of annexation to the realty is not the sole and controlling test of whether a certain article is a fixture or not, is very well illustrated by the fact that trees growing in a nursery and kept there for sale are personal property, while trees no larger, if transplanted to an orchard, become real estate. On the other hand, there are very many things although not attached to the realty which become real property by their use — keys to a house, blinds and shutters to the windows, fences and fence rails, etc."

The sugar wagons, as we understand the agreed facts, were placed in the mill for use, not to enhance the value. They are movable, and if taken out will not disturb the mill or in any way injure the building. They do not run upon wooden or iron rails attached to the building, nor are they connected in their operation by bands or in any other way with the permanent machinery. They are not like the wheels or stones to a mill, or the keys to a house, or the blinds and shutters to windows. Being adapted to convey syrup from place to place in the mill, they must be considered in the same class as buckets, kettles, barrels, and similar vessels used for like purposes. As the sugar wagons were not actually or constructively annexed to the realty, or something appurtenant thereto, but merely furnished for necessary use in the mill, and not intended to enhance the value of the realty, we must hold them to be personal property and not fixtures. (*Walker v. Sherman*, 20 Wend. 636; *Haeussler v. Glass Co.*, 52 Mo. 452; *Graves v. Pierce*, 53 id. 423; *Ex parte Astbury*, 4 Ch. App. 630; Ewell, Fixt. [1876], 22, 23; 1 Jones, Mort., §§ 444–449.)

The judgment of the district court will be reversed, and the cause remanded with direction to the court below to render judgment for C. W. Winslow.

All the Justices concurring.