MAGGIE A. TYLER, Respondent, v. C. F. WHITE, Appellant.

Kansas City Court of Appeals, February 1, 1897.

Fixtures: HEATING APPARATUS: OWNER: MORTGAGEE. Where the owner of premises erects in the dwelling house a heating apparatus therefor, such apparatus becomes a permanent accession to the freehold and passes to a subsequent mortgagee. *Cases discussed.*

*Appeal from the Vernon Circuit Court.*—HON. D. P. STRATTON, Judge.

REVERSED.

*S. A. Wight* for appellant.

This was neither a range heater or furnace, but was a Florida boiler; but whatever it was, it was a system

of heating, ramifying the entire house; it was therefore a fixture. *Goodin v. Ellardsville Hall*, 5 Mo. App. 289; *O'Brien v. Hansen*, 9 Mo. App. 545; *Donnewald v. Real Estate Co.*, 44 Mo. App. 350; *Sosman v. Conlon*, 57 Mo. App. 25; *Davis v. Mugan*, 56 Mo. App. 311; *Schulter v. Ins. Co.*, 1 Mo. App. 285.

*Hoss & Scott* for respondent, filed an argument to sustain the judgment.

GILL, J.—This suit was brought for the recovery of a steam heating apparatus used in a dwelling and consisting of a boiler in the basement, iron pipes running through the two upper stories and the radiators thereto attached in the various rooms. Plaintiff had judgment below for the boiler or heater and for the radiators, but failed in her action as to the steam pipes used in connection therewith. Defendant appealed.

On the material and undisputed facts, we hold that the plaintiff was not entitled to recover, and that the court erroneously refused to so instruct the jury. The facts necessary to be stated are these: In the year 1887 the plaintiff, Mrs. Tyler, owned a dwelling and the lot on which it was erected and in which she resided in the city of Nevada; and during that year she had placed and erected therein a steam heating plant, consisting, as already stated, of the furnace or boiler, which was placed in the basement, with iron pipes leading therefrom to conduct the steam throughout the house. These pipes passed through the floors and walls and into the rooms above where they were attached to the iron radiators. Shortly thereafter—the exact date does not appear—the plaintiff (probably on account of money borrowed) gave a mortgage on the property for about the sum of $8,000 to the Thornton

FIXTURES: heating apparatus: owner: mortgagee.

Tyler v. White.

Banking Company. After the heating apparatus had been in the dwelling for about eight years (1895) the plaintiff turned the property over to the bank in satisfaction of the debt and mortgage. She at that time made a deed to the bank and moved from the premises. The bank took possession of the house and rented the same to defendant White, who occupied it at the institution of this action.

Under this state of facts, it seems clear to us that the heating plant in question became, at the time it was annexed and fitted into the dwelling, a fixture, and from that time on a part of the freehold. In the multitude and great variety of adjudicated cases on this subject of fixtures, and when they do or do not become annexed to and a part of the real estate, it is often difficult to find controlling precedents. We had, however, in *Davis v. Mugan*, 56 Mo. App. 311, a case "on all fours" with this; and we here quote from the language there used at page 316 of the opinion:

"By fixtures are meant those articles which were chattels, but which have become a part of the real estate by reason of being annexed or affixed thereto. But while this definition, in substance, is repeated in the books, there are scarcely any rules for determining when chattels become so *annexed* or *fixed*. Each case is made to turn largely on its particular circumstances. In controversies between landlord and tenant there is a most liberal indulgence toward the claim of the tenant. He is permitted to hold as chattels most any improvement he may place on the leased premises, and allowed to remove the same during his tenancy; conditioned, only, that in so removing he do not injure the freehold. This liberal treatment toward the tenant comes, not only from the law's encouragement of industry and trade, but because it will be assumed that,

VOL. 68 app—39

in placing the chattels in that condition, it was the intention of the tenant at the time, to remove it and that the landlord so understood it.

"But as between vendor and vendee, heir and executor, or administrator and mortgagor and mortgagee, there is no such indulgence toward him who annexes personal property to the land; a much stricter rule applies, and the presumption is the contrary of that given to the tenant. For it will there be presumed that the owner of the land intended the improvement as an accessory to the inheritance and as a lasting benefit thereto. It will not be presumed that the owner of the fee intended the work as a mere temporary improvement, to be by him taken away in case he should sell the land, or to be removed in case the mortgage should foreclose.

"Under the old law, the principal test as to what was or was not a fixture, was said to be the nature of the physical attachment to the soil. But this theory has long since been exploded. 'And while courts still refer to the character of the annexation as one element in determining whether an article is a fixture, greater stress is laid upon the nature and adaptation of the article annexed, the uses and purposes to which' the land 'is appropriated at the time the annexation is made, and the relations of the party making it to the property in question, as settling that a permanent accession to the freehold was intended to be made by the annexation of the article.' 1 Wash. Real Property [5 Ed.], p. 22.''

Looking now at the "nature and adaptation" of the heating apparatus annexed to her dwelling by Mrs. Tyler as well as "the relations of the party making it," and are we not bound, as said by Mr. Washburn, to regard these "as settling that a permanent accession to the freehold was intended." It matters not that she

may declare that she, in her own mind, intended these improvements as *temporary*, and that she intended some day to remove them. We may answer, as was said in *Snedeker v. Warring* (2 Kern, N. Y. 170), that her secret intention in that respect can have no legitimate bearing on the question. Her acts clearly indicated an intention to make the heating apparatus a permanent accession to the dwelling and therefore to the real estate; and the bank's officers who loaned the money and subsequently took a deed to the property had the undoubted right to infer that a permanent improvement was intended and that such accessions had gone into the property to the enhancement of its value. See, also, *Bank v. Kercheval*, 65 Mo. 682. It was doubtless on the faith of the permanency of this improvement to the building that the Thornton Banking Company loaned the money in the first instance, and subsequently agreed to take an absolute conveyance in payment of the mortgage debt.

In addition to those already cited the following are a few of the many decided cases which sustain our position. *Rogers v. Crow*, 40 Mo. 91; *Cohen v. Kyler*, 27 Mo. 122; *Baldwin v. Merrick*, 1 Mo. App. 281; *Goodin v. Hall Ass'n*, 5 Mo. App. 289; *Donnewald v. Real Estate Co.*, 44 Mo. App. 350; *Cooke v. McNeil*, 49 Mo. App. 81; *Sosman v. Conlon*, 57 Mo. App. 25.

It would be a startling proposition to announce that after a vendor had conveyed his house and lot, he might enter, detach, and remove an ordinary steam heating apparatus which had manifestly gone into and become part and parcel of the dwelling. These plants are necessarily, in their very nature, of a permanent character. This is especially true in reference to such improvements when put in by the owner of the freehold. They might, in some instances, be considered temporary when placed in the building by a mere ten-

ant; for it might be well· contended, that he intended the same for his temporary convenience to be used during his occupancy and removed when he should vacate the building. But where such improvements are attached by the owner of the property at the time, it would be·against all reason and common experience to claim that they were not permanent and not intended as a fixed annexation to the property. There is neither law nor justice to support plaintiff's case, and the judg-- ment will be reversed. All concur.