REALTY ASSOCIATES, Respondent, v. CONRAD CONSTRUCTION CORPORATION and Others, Defendants, Impleaded with BLEST & EMERY COMPANY, INC., and PIERCE, BUTLER & PIERCE MFG. CORPORATION, Appellants.

Second Department, December 13, 1918.

Real property — fixtures — right of owner to preserve character as personalty of articles annexed to realty — consent of owner — purpose of section 62 of Personal Property Law — when steam boilers and radiators transferred under conditional sale retain their character as personalty.

It is competent for an owner to preserve its character as personalty of any article annexed to the realty, providing it is not so incorporated with the realty as to lose its identity or to be incapable of removal, except by destruction or serious injury to the freehold.

This doctrine rests upon the consent of the owner either expressed or implied from the circumstances. This consent is effective in favor of the third party who is the owner of the fixtures as against a purchaser in good faith.

Section 62 of the Personal Property Law was enacted to protect innocent purchasers and incumbrancers who should purchase or loan on land against secret claims of third parties that as to them fixtures were personalty.

Where a vendor of steam boilers and radiators intended that they should become attached to and form part of a complete steam heating apparatus under a contract between the vendee and the owner, the said owner had no knowledge of the conditional sale of the fixtures, and, therefore, did not consent that they should retain their character as personalty after annexation, said fixtures were realty, notwithstanding the con-

ditional sale, and this for the reason that the conditional vendor consented that they should be installed in the building as realty, and the owner did not consent that they should retain their character as personalty.

APPEAL by the defendants, Blest & Emery Company, Inc., and another, from so much of a judgment of the Supreme Court in favor of the plaintiff, entered in the office of the clerk of the county of Kings on the 4th day of May, 1917, upon the decision of the court, after a trial at the Kings County Special Term, as adjudges that certain steam boilers and radiators are subject to the plaintiff's mortgages which are liens upon the real property to which they are annexed.

The judgment decreed a foreclosure of and sale under the mortgages.

*John Ewen,* for the appellants.

*James K. Foster* [*Alfred T. Davison* with him on the brief], for the respondent.

BLACKMAR, J.:

The appellants contend that the boilers and steam radiators remain personalty notwithstanding their affixion to the realty, under the doctrine of *Central Union Gas Co.* v. *Browning* (210 N. Y. 10). That case concerned gas ranges annexed to the realty in a manner very similar to that of the annexation of the radiators and boilers in the present case. If the chattels in question were not part of a steam heating apparatus, we should think the case above cited governed. But defendant Blest & Emery Company, Inc., under contract with the owner, Conrad Construction Corporation, installed in each of the four buildings a complete steam heating apparatus, consisting of boilers to generate the steam, mains and pipes to carry it through the building, and radiators to distribute the heat. The manner of the annexation to the realty of the apparatus, considered as a unit, its adaptability to the use to which the property was devoted, and the evident intent on the part of the owners to install it as a permanent accession to the realty, lead us to the conclusion that each complete steam heating apparatus is a fixture and, therefore, realty. (*Potter* v. *Cromwell,* 40 N. Y. 287.) We cannot consider the radiators

or the boilers as separate from the plant, of which they are an integral part under the contract between the Blest & Emery Company, Inc., and the owner. A contrary conclusion would lead to the result that if the premises should be under contract of sale the vendor would be entitled to remove the boiler from the cellar and the radiators from the rooms and tender the building, so dismantled and unfitted for its use in housing tenants, in completion of his contract; or if the owner was a natural person and should die intestate, his administrator could so strip the building before the heirs should take possession. We think that each adjunct or necessary appurtenance to the steam heating apparatus had the same status as the apparatus in its entirety. The question is whether the whole is realty or personalty. If it is realty, so is each of its parts, in the absence of a contrary intent on the part of the owner. If a door whose hinges are attached to .the wall with screws, or a window sash sliding in grooves, or a key which may be carried on the person, is realty, because of its adaptability to the use of the building and the presumable intent of the owner, then for the same reason is a heating plant without which the premises are useless.

It is, however, competent for the owner to preserve its character as personalty of any article annexed to the realty, providing it is not so incorporated with the realty as to lose its identity or to be incapable of removal except by destruction or serious injury to the freehold. (*Fryatt* v. *Sullivan Company,* 5 Hill, 116; *Mott* v. *Palmer,* 1 N. Y. 564; *Tyson* v. *Post,* 108 id. 217; *Ford* v. *Cobb,* 20 id. 344; *Sisson* v. *Hibbard,* 75 id. 542.) The doctrine rests upon the consent of the owner, either expressed or implied from the circumstances. Necessarily this consent is effective in favor of a third party who is the owner of the fixture as against a purchaser in good faith; for such a purchaser can take nothing more than the owner had. It was to protect innocent purchasers and incumbrancers who should purchase or loan on land, against secret claims of third parties that as to them fixtures were personalty, that section 62 of the Personal Property Law was enacted.

In *Jermyn* v. *Hunter* (93 App. Div. 176) it was held that where the plaintiff sold chattels to Coons & Wilson under a

contract conditioned that the title should remain in him until the articles were fully paid for, and Coons & Wilson, under a contract with the defendant, the owner of the property, installed them as fixtures, they became part of the realty and that plaintiff could not recover them.   It is true that the title to the chattels remained in the plaintiff on account of the condition in the sale to Coons & Wilson, and that the title to his property could not pass to the defendant without his consent or operation of law.   How, then, was it held that plaintiff could not recover?   We think the elements in the case which justified the judgment are that plaintiff knew that Coons & Wilson were to install the chattels in defendant's building as fixtures, and that defendant did not know of the conditional sale nor of plaintiff's rights thereunder and, therefore, could not be held to have consented that the fixtures should retain their character as personalty.   The court said: " In the absence of any agreement upon the part of the owner that the articles should remain personal property or of such notice to him as would authorize an inference of his acquiescence in their remaining personal property, they became part of the realty."   This statement was made in view of the important fact that the conditional vendor of the chattels knew that his vendee was to install them in the building pursuant to a contract with the owner.   This knowledge was equivalent to an authorization that his vendee should convert them into realty and was *pro tanto* a waiver of his rights as conditional vendor.   Rather unfortunately, as it turned out, the court placed reliance on *Andrews* v. *Powers* (66 App. Div. 216), for that case was subsequently in effect, although not in terms, overruled in *Davis* v. *Bliss* (187 N. Y. 77).   But we think the *Davis* case is distinguishable from the *Jermyn* case, for it may well be held that a vendor under an executory contract of sale gives to a vendee in possession authority to bind him by an agreement that fixtures annexed to the freehold may remain personalty.   The *Jermyn* case has been cited with approval several times.   The most recent citation I have found is in *Fitzgibbons Boiler Co.* v. *City of New York* (173 App. Div. 463).

In the case under consideration it was found on sufficient evidence that the appellant Pierce, Butler & Pierce Manu-

facturing Corporation, when it sold the boilers and radiators to the Blest & Emery Company, Inc., intended that they should become attached to and form part of the steam heating apparatus under the contract between the Blest & Emery Company, Inc., and the owner, the Conrad Construction Corporation, and that the owner had no knowledge of the conditional sale and, therefore, did not consent that they should retain their character as personalty after annexation. Our conclusion is that the fixtures were realty notwithstanding the conditional sale by Pierce, Butler & Pierce to the Blest & Emery Company, Inc., and this for the reason that Pierce, Butler & Pierce consented that they should be installed in the building as realty and the Conrad Construction Corporation did not consent that they should retain their character as personalty. Whether the same result should be reached in the absence of either of these elements, it is not necessary to decide. (*Jenks* v. *Colwell*, 66 Mich. 420; *New York Security & Trust Co.* v. *Capital Ry. Co.* [*Phœnix Iron Works, Intervener*], 77 Fed. Rep. 529.) It should, perhaps, be said that the portion of the opinion in the case in the Federal report which holds that the consent of a prior mortgagee is necessary to the fixtures retaining their character as personalty as against him and that the consent of the owner alone is not sufficient, is not in accordance with the law in the State of New York. (*Fitzgibbons Boiler Co.* v. *Manhasset Realty Corporation*, 125 App. Div. 764; revd., on dissenting opinion of SCOTT, J., 198 N. Y. 517.) The latter case is, however, not authority for the appellants as the owner knew of the conditional sale and, therefore, was held to have assented that the fixtures should retain their character as personalty, while in the case at bar the owner had not such knowledge.

Our view of the case renders irrelevant any investigation of the question whether the plaintiff is aided by the provision of section 62 of the Personal Property Law.

The judgment should be affirmed, with costs.

JENKS, P. J., PUTNAM, KELLY and JAYCOX, JJ., concurred.

Judgment affirmed, with costs.