KENT STORAGE CO. *v.* GRAND RAPIDS LUMBER CO.

1. EVIDENCE — CONTRACTS—AMBIGUITY—ORAL TESTIMONY TO EX-
PLAIN AMBIGUOUS TERM.

The use of the word "equipment," in a contract for the sale of a building used for the manufacture of finished lumber and mill work, reserving the right to remove "the balance of the machinery, belting, shafting, and equipment," is not so ambiguous as to require the admission in evidence of declarations and statements of the parties conducting the negotiations, which, however, did not explain the term.

---

[1]Evidence, 22 C. J. § 1601.

2. FIXTURES—MAY BE ANNEXED AND ASSIMILATED INTO REALTY.

The term "fixture" necessarily implies something having a possible existence apart from the realty, but which may, by annexation, be assimilated into realty.

3. SAME—WHETHER CHATTEL OR REALTY DEPENDS ON FACTS OF CASE.

Whether a thing retains the character of a chattel fixture or loses such and becomes realty depends upon the application of principles of law to particular facts.

4. SAME—WHEN AFFIXED BY OWNER GENERALLY BECOMES PART OF REALTY.

Whatever is affixed to a building by an owner in complement, to facilitate its use and occupation in general, becomes a part of the realty, though capable of removal without injury to the building.

5. SAME—STEAM HEATING PIPES PART OF REALTY AND NOT RESERVED AS EQUIPMENT.

A reservation of "the balance of the machinery, belting, shafting, and equipment," in a contract for the sale of a building, did not include pipes in a steam heating system installed by the owner as an outfit of the building, but they passed to the purchaser as part of the realty.

Error to Kent; Brown (William B.), J.    Submitted April 26, 1927.    (Docket No. 45.)    Decided June 6, 1927.

Case by the Kent Storage Company against the Grand Rapids Lumber Company for the conversion of certain steam pipes from a building sold to plaintiff. Judgment for plaintiff.    Defendant brings error. Affirmed.

*J. T. & T. F. McAllister,* for appellant.

*Knappen, Uhl & Bryant,* for appellee.

WIEST, J.    Plaintiff sued to recover the value of pipes in a steam heating system in a building situated

[2]Fixtures, 26 C. J. § 1; [3]Id., 26 C. J. § 1; [4]Id., 26 C. J. §§ 14, 21; [5]Id., 26 C. J. § 27; 41 A. L. R. 607; 11 R. C. L. 1058, 1078; 2 R. C. L. Supp. 1354; 4 R. C. L. Supp. 729; 6 R. C. L. Supp. 684, 687.

on premises purchased of defendant, and removed by defendant after sale to plaintiff.    Defendant removed the pipes and sold them as junk.    Defendant claims the pipes were reserved, under the terms of sale, with right of removal.    We quote the reservation relied on and its context:

"All that certain piece and parcel of land,   *   *   * consisting of the buildings and real estate,   *   *   * including the boilers, power plant, sprinkler equipment and pump for auxiliary supply thereto, blower and motor for unloading coal, and motor for running elevator, excepting and reserving therefrom the cupola on top of mill, and pipe running from said cupola to the coal bin, and the stoker apparatus in the boiler room, all of which is the property of C. B. Newcomb, also the balance of the machinery, belting, shafting, and equipment in said mill."   *   *   *

The case was tried in the circuit before the court without a jury, findings of fact and conclusions of law filed and judgment entered for plaintiff for the cost of replacement as of the time the pipes were removed. Defendant's proposed findings of fact and conclusions of law were refused, exceptions taken and the case brought to this court by writ of error.

The reservation, if it is to be found, is in the meaning of the term "equipment," as employed in the contract.    It is claimed that the intention of the parties, in employing the term "equipment" in the reservations made by the vendor, is clearly established by the declarations and statements of the parties conducting the negotiations and the circumstances attending the making of the contract.    The rule invoked in support of going back of the written contract rests upon use of an ambiguous term with true meaning thereof fully reflected in the negotiations.    The term "equipment," as employed in the contract, is not ambiguous.    The claimed explanatory evidence may not, and does not, make the term speak other than its

usual and true meaning.    The statement of a witness that plaintiff "would get what there is specified and what we have agreed on and outside of that all he would get is the bare walls and the building," did not impart a meaning to the term "equipment" so as to change a fixture and accessory to the realty into a removable chattel.    Nothing was said about the heating system falling within the reservations or not passing as a part of the realty.    This brings us to the subject of fixtures.

The building, covered by the contract, had been used by the defendant for a considerable period of time, prior to the sale, for the manufacture of finished lumber and mill work, and the circuit judge found that the heating system was installed as a permanent fixture to the freehold and with no intent that it was to remain personal property.    It may clarify thought on the subject to recall that the term "fixture" necessarily implies something having a possible existence apart from realty, but which may, by annexation, be assimilated into realty.    Whether it retains the character of a chattel fixture or loses such and becomes realty depends upon the application of principles of law to particular facts.    In considering legal principles applicable to this case, it should be kept in mind that the heating system was installed by the owner of the building.    This has a direct bearing upon the subject of intention, for it will be presumed the owner intended the heating system as an accessory to the realty and a lasting benefit thereto, and it will not be presumed that the owner of the fee intended the heating system as a mere temporary improvement to be removed as a chattel in case of sale of the land. See *Tyler* v. *White,* 68 Mo. App. 607.    It is a salutary rule that whatever is affixed to a building by an owner in complement, to facilitate its use and occupation in general, becomes a part of the realty, though

capable of removal without injury to the building. The act of an owner of a building in annexing a.fixture manifests his intention of whether it is to remain a chattel or become an accession to the realty and not his secret undisclosed intention. See *Smith* v. *Savings Bank,* 202 Mass. 482 (88 N. E. 1086).

Clearly, under the contract of sale, right to remove "the balance of the machinery, belting, shafting and equipment," related solely to chattels and not to the heating system. Cases involving machinery and trade fixtures are of little help. The heating system was installed and used by the owner as an outfit of the building and complement of the real property.

In *Quinby* v. *Manhattan Cloth & Paper Co.,* 24 N. J. Eq. 260, it was held that steam piping, used for heating purposes in the manufacturing business carried on for many years in the premises, with some of the piping resting on pieces of wood along the floor and the remainder along the walls and partitions and supported by iron rests, or brackets, nailed upon pieces of wood, firmly nailed to the walls, were fixtures and a part of the realty.

In *Tyler* v. *White, supra,* it was held, quoting from the syllabus:

"Where the owner of premises erects in the dwelling house a heating apparatus therefor, such apparatus becomes a permanent accession to the freehold and passes to a subsequent mortgagee."

In *Keeler* v. *Keeler,* 31 N. J. Eq. 181, 191, it was stated:

"Some of the heating pipes are laid on hooks attached to boards which are fastened to the walls. They may be removed without disturbing the boards or hooks. In one place there are two nests of piping which rest on the floor without being attached to it. Such pipes so attached for heating purposes, were, under like circumstances, held to be fixtures, in *Quinby* v. *Manhattan Cloth & Paper Co., ubi supra.* See,

also, *Philbrick* v. *Ewing*, 97 Mass. 133, and *Stockwell* v. *Campbell*, 39 Conn. 362 (12 Am. Rep. 393). Those which rest on the floor are not to be excepted under the circumstances. They are part of the system of piping in the building."

In *Capehart* v. *Foster*, 61 Minn. 132 (63 N. W. 257, 52 Am. St. Rep. 582), it was stated:

"The steam radiators were attached to steam pipes at the floor on which they rested, by being screwed to those pipes. We are of the opinion that these radiators should be held to be a part of the realty. * * * These radiators were put in immediately after the building was erected. There is no reason for holding that the owner did not intend them to be permanently annexed to the steam plant, and therefore permanently annexed to the realty. * * * Such radiators are an essential part of such plant, and are rarely furnished by tenants or temporary occupants of buildings as a part of the furniture brought with them or carried away with them, but the owner who furnishes the rest of such plant usually furnishes the radiators also. When, under ordinary circumstances, the owner of the building attaches such radiators to his steam plant, it should be held that he intended them to be permanently annexed to the realty. We are cited to *National Bank* v. *North*, 160 Pa. St. 303 (28 Atl. 694), which holds to the contrary. This case holds that such radiators are analogous to gas fixtures, and therefore not a part of the realty. By following the same process of reasoning by analogy you would strip a house of all modern improvements, and by continuing the process you would overturn the greater part of the law of fixtures. A correct rule should not, in this manner, be overturned by an inconsistent exception."

In *Levenson Wrecking Co.* v. *Hillebrand*, 157 N. Y. Supp. 515, it was held that the heating plant in a building used as a hotel and saloon was not a trade fixture.

In *Realty Associates* v. *Conrad Construction Co.*, 185 N. Y. App. Div. 464 (173 N. Y. Supp. 25), it was held, quoting from the syllabus:

"Each complete steam-heating apparatus is a fixture, and therefore realty."

See Ewell on Fixtures (2d Ed.), p. 387.

The findings of fact are supported by the evidence, and we find the conclusions of law, announced by the circuit judge, correct.

The judgment is affirmed, with costs to plaintiff.

Sharpe, C. J., and Bird, Snow, Steere, Fellows, Clark, and McDonald, JJ., concurred.